# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )  Case No. 4:23-cr-00021-RDP-SGC |
| MARCUS SPANEVELO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case is before the court on the defendant's unopposed motion seeking appointment of learned counsel and a continuance. (Doc. 49). The court will grant the motion for the reasons stated below.

**I.      Appointment of Learned Counsel**

The defendant is charged by indictment with kidnapping in violation of 18 U.S.C. § 1201(a)(1). (Doc. 1). Where, as here, a kidnapping results in the death of a person, the statute provides that the punishment shall be death or life imprisonment. *Id.* In February 2023, the Government provided notice it would not seek the death penalty against the defendant. (Doc. 12). However, that decision has come under review with the changing of the administration. (Doc. 49). The government notified the defendant in mid-February 2025 that it would offer him the opportunity to present to the U.S. Department of Justice's Capital Review Committee information that may bear on the decision to rescind its earlier decision

and seek the death penalty. (Doc. 49). The presently pending motion followed. (Doc. 49).

A defendant who has been charged with a capital crime is entitled to the appointment of two attorneys, at least one of whom is "learned in the law applicable to capital cases." 18 U.S.C. § 3005; *see also* Guide to Judiciary Policy, Vol. 7A, Ch.6, § 620.10.10(a); N.D. Ala. Criminal Justice Act Plan § III.A.13.[1] The view of the majority of circuit courts to have addressed the issue, including the Eleventh Circuit, is that the right conferred by § 3005 is extinguished upon the Government's notice of its intent not to seek the death penalty. *See, e.g., United States v. Grimes*, 142 F.3d 1342 (11th Cir. 1998). The procedural posture of this case does not fit squarely within either circumstance described above, but the court determines it is in the interests of justice to appoint learned counsel for the defendant to assist in preparing and making his Capital Review Committee presentation.

In appointing counsel under § 3005, a court is required to consider the recommendation of the judicial district's Federal Public Defender or, if no such organization exists, of the Administrative Office of the United States Courts. § 3005. Consistent with the requirement of § 3005, the court requested that Kevin L. Butler, the Federal Public Defender for the Northern District of Alabama, recommend an attorney to serve as learned counsel for the defendant in this case. After consulting

---

[1] The defendant presently is represented by Lisa M. Ivey.

with a Senior Adviser in the Defender Services Office and the Director of the Capital Resource Counsel Project, Mr. Butler has recommended the court appoint Jeffrey Ertel of The Mendelsohn Ertel Law Group in Atlanta, Georgia, as learned counsel for the defendant.  Mr. Butler represents that Mr. Ertel has 31 years of criminal defense experience and is an experienced federal capital litigator at the trial and appellate levels.  Ms. Ivey has communicated with Mr. Ertel and concurs in the Mr. Butler's recommendation.  Based on the information relayed by Mr. Butler, the court is satisfied Mr. Ertel possesses the experience contemplated by § 3005.

Accordingly, the court **GRANTS** the request for appointment of learned counsel (Doc. 49) and **APPOINTS** Mr. Ertel as learned counsel for the defendant, to assist Ms. Ivey in preparing and making the Capital Review Committee presentation.  The court **DIRECTS** Ms. Ivey and Mr. Ertel to submit a proposed budget for this undertaking within 30 calendar days.  After the Government concludes the review of its decision not to seek the death penalty against the defendant, the court will address Mr. Ertel's continued involvement in this case.

## II.    Grant of Continuance

The court **DIRECTS** that on or before July 7, 2025, the Government shall (1) file a notice under 18 U.S.C. § 3593(a) that it will seek the death penalty or (2) notify the court and the defendant it will not seek the death penalty.

The defendant has previously acknowledged and waived his right to a speedy trial, and the court has declared this case complex and continued the trial setting and deadlines five times – four times at the defendant's request and once at the Government's request, which the defendant joined. (Docs. 13, 14-1, 15, 21, 22, 29, 30, 40, 41, 43, 45). Given defendant's need to prepare and make the Capital Review Committee presentation, the court determines the ends of justice served by granting a further continuance in this case outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7). The court determines it is most appropriate at this stage of the proceedings to tie the continuance to the deadline for the Government to file the notice described above because the type of notice filed is likely to affect the complexity of the case going forward. Therefore, the court **GRANTS** the request for a continuance (Doc. 49) and **CONTINUES** this case through and including July 7, 2025. The period of delay resulting from this continuance shall be excluded in computing the time within which the defendant must be brought to trial, pursuant to § 3161(h)(7). The court will consider the need to grant an additional continuance after receipt of the notice described above.

**DONE** this 10th day of March, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE