FILED
2026 May-22 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:23-cr-0021-CLM-SGC** |
| | ) | |
| **MARCUS SPANEVELO** | ) | |

# FIRST SUPPLEMENT IN SUPPORT OF GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States of America files this First Supplement in Support of Government's Response in Opposition to Defendant's Motion to Strike the Notice of Intent to Seek the Death Penalty. The original response was filed on January 26, 2026. *See* Dkt. 100. Defendant, on February 9, 2026, filed a reply brief. Dkt. 103. The government filed a sur-reply with the Court's permission. Dkts. 109, 111. Subsequently, Defendant filed two supplemental briefs. *See* Dkts. 110, 120.

The government respectfully brings to the Court's attention a recent decision from the Southern District of Florida in *United States v. Gustavo Alfonso Castano Restrepo*, 1:24-CR-20463-RAK (S.D.F.L. May 21, 2026). There, the district court denied a motion to strike the notice of intent to seek the death penalty ("NOI") though the government had previously indicated it would not seek the death penalty. A copy of the district court's order is attached as an appendix.

In *Castano Restrepo*, the government informed the District Court on January 6, 2025, that it was not pursuing capital punishment. On August 11, 2025, approximately 29 days before a scheduled trial, the government filed an NOI pursuant to 18 U.S.C. § 3593(a). The Court continued the trial for one year after Castano Restrepo moved to strike the NOI (September 1, 2025).

In denying Castano Restrepo's motion, the district court held the plain language of the Federal Death Penalty Act does not prevent the government from reversing a no-seek decision. It further found the § 3593(a) notice requirement applies only when the government decides *to seek* the death penalty. *Castano Restrepo* at 10. And, as a corollary, the court further held that the government need not seek its permission or show "good cause" when reversing a decision to forgo capital punishment. The court reasoned that the good-cause requirement applies only when the government "seeks to amend the death notice it's already filed." *Id.* at 15-16.[1]

The district court also rejected a timeliness argument, concluding that the 13 months provided by the continuance created sufficient time to prepare for trial, *Castano Restrepo* at 21-23. The court further found no evidence that the government

[1] The court also held that if a "good cause" requirement applied, it would have found the government met that burden. *Castano Restrepo* at 16-20.

acted in bad faith or intentionally delayed the NOI to gain a tactical advantage. *Id.* at 24-27.

Finally, the court rejected the defendant's judicial, promissory, and equitable estoppel claims, finding, among other things, no indication of "affirmative misconduct" by the government. Indeed, the court found promissory and equitable estoppel doctrines inapplicable and held the defendant has not shown "detrimental reliance" on the decision not to seek the death penalty. *Castano Restrepo* at 28-38.

The *Castano Restrepo* court's reasoning parallels the arguments advanced by the government in opposition to Spanevelo's motion to strike. *See* Dkt. 100.

Accordingly, this Court should deny the Defendant's motion to strike.

Respectfully submitted on May 22, 2026.

CATHERINE L. CROSBY
Acting United States Attorney
Northern District of Alabama

/s/ *Walter Perkel*
WALTER PERKEL
Trial Attorney, DOJ Criminal Division
DANIEL S. MCBRAYER
J. ALAN BATY
BRITTNEY L. PLYLER
KRISTY PEOPLES
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record in this case.

/s/ *Walter Perkel*
WALTER PERKEL
Trial Attorney, DOJ Criminal Division