FILED
2026 Jul-31 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:23-cr-0021-CLM-SGC** |
| | ) | |
| **MARCUS SPANEVELO** | ) | |

# GOVERNMENT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States respectfully submits the following supplemental authority in support of Government's Response in Opposition to Defendant's Motion to Strike the Notice of Intent to Seek the Death Penalty. The original response was filed on January 26, 2026. *See* Dkt. 100. Defendant, on February, 9, 2026, filed a reply brief. Dkt. 103. The government filed a sur-reply on February 25, 2026. Dkts. 109, 111—12. Defendant has filed two supplemental briefs. Dkts. 110, 120. The government filed a supplemental brief on May 22, 2026. Dkt. 121. Both parties, pursuant to the Court's instructions, filed pre-hearing briefs addressing specific issues outlined by the Court. Dkt. 127, 129. Following oral arguments held on June 18, 2026, both the government and Defendant filed supplemental briefing. Dkt. 140, 139.

The government respectfully brings to the Court's attention the denial of the defendant's motion for reconsideration in *United States v. Gustavo Alfonso Castano Restrepo*, 1:24-CR-20463-RAK (S.D.F.L. May 21, 2026). There, the district court

denied Castano Restrepo's motion for reconsideration of the court's earlier decision to deny  his motion to strike the government's notice to seek the death penalty ("NOI"). As here, the government had previously indicated it would not seek the death penalty. A copy of the district court's order is attached.

The *Castrano Restrepo* court rejected the defendant's reliance on *United States v. Dangleben*, 177 F.4th 477 (3rd Cir. 2026), which affirmed the lower court's decision to strike an NOI. The court distinguished *Dangleben*, noting that, there, the court set a "firm deadline by which the government had to decide whether to pursue the death penalty" and the government violated that order by filing its NOI more than a year after the deadline. *Castano Restrepo* at 3. In contrast, the *Castrano Restrepo* court explained that it had not set a NOI deadline and, so, the government's NOI did not violate any such order. *Id.* at 4.

The *Castrano Restrepo* court also noted that the *Dangleben* opinion did not address the application of § 3593(a)'s "reasonable time" requirement. Quoting from *Dangleben*, the court observed that the decision did "not[] address whether the Government's attempted seek notice complies with § 3593(a)'s requirement that such notices be filed a 'reasonable time' before trial; whether the Government's attempted seek notice is an 'amendment' to its earlier no-seek decision that requires 'good cause' under § 3593(a) and, if so, whether the Government can make that showing; or whether permitting the Government to seek the death penalty after it

told Dangleben it would not violates Dangleben's Fifth Amendment procedural due process rights." *Castrano Restrepo* at 5 (quoting *Dangleben*, 177 F.4th at 489 n. 4).

Here, the *Castrano Restrepo* court recognized that *Dangleben* did not consider the "reasonable time" requirement. In short, the court narrowly construed *Dangleben* to a single issue – did the government violate the court's deadline for filing an NOI? Finding that it did not, the *Castrano Restrepo* court denied the defendant's motion to reconsider.

The *Castrano Restrepo* court's reasoning parallels the arguments advanced by the government in opposition to Spanevelo's motion to strike. *See* Dkts. 100, 121, 129, and 140.

This Court should deny Spanevelo's motion to strike.

Respectfully submitted on July 31, 2026.

PHILLIP WILLIAMS JR.
United States Attorney
Northern District of Alabama

/s/ *Daniel S. McBrayer*
DANIEL S. MCBRAYER
J. ALAN BATY
BRITTNEY L. PLYLER
KRISTY PEOPLES
Assistant United States Attorneys
WALTER PERKEL
Trial Attorney, DOJ Criminal Division

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record in this case.

/s/ *Daniel S. McBrayer*
DANIEL S. MCBRAYER
Assistant United States Attorney